
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| KONG PRAK,<br><br>    Petitioner,<br><br> v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>    Respondent. | No. 10-71176<br><br>Agency No. A095-442-763<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 5, 2014**
Pasadena, California

Before: BYBEE and IKUTA, Circuit Judges, and ZILLY, Senior District Judge.***

---

  *   This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

  **   The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

  ***   The Honorable Thomas S. Zilly, Senior District Judge for the U.S. District Court for the Western District of Washington, sitting by designation.

Kong Prak, a native and citizen of Cambodia, petitions for review of a final order of the Board of Immigration Appeals, affirming the decision of an immigration judge ("IJ") to deny his application for asylum, withholding of removal, and protection under the provisions of the Convention Against Torture ("CAT"). We have jurisdiction generally under 8 U.S.C. § 1252 and we have jurisdiction to review the denial of asylum as the appeal presents mixed questions of fact and law. Khan v. Holder, 584 F.3d 773, 780 (9th Cir. 2009). We deny the petition for review.

The IJ determined that Prak should have known that the Cambodia Freedom Fighters ("CFF") was a terrorist organization, as defined in 8 U.S.C. § 1182(a)(3)(B)(vi), during the time that he was a member and solicited others for membership, and therefore was ineligible for asylum. *See* 8 U.S.C. § 1158(b)(2)(A)(v); 8 U.S.C. § 1182(a)(3)(B)(iv)(V). The IJ was not obligated to consider the factors set forth in the Foreign Affairs Manual ("FAM"), which refers only to factors that must be considered in evaluating a visa application. 9 FAM 40.32 n2.1. Furthermore, the IJ's decision is supported by substantial evidence as Prak admitted in his asylum application that he was an active member of the CFF at the time the CFF engaged in terrorist activity, as defined in § 1182(a)(3)(B)(iii), by attempting a violent coup of the Cambodian government. Because Prak failed

to establish by clear and convincing evidence that he should not reasonably have known that the CFF was a terrorist organization when he solicited individuals for membership, Prak was ineligible for asylum. *See* § 1182(a)(3)(B)(iv)(V)(cc).

**PETITION FOR REVIEW DENIED.**